IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN THE MATTER OF THE RESTRAINT OF: | § § § | |
| APPROXIMATELY 1,000 ROOSTERS, HENS, YOUNG CHICKENS, AND UNHATCHED CHICKENS LOCATED AT AND AROUND 4046 COUNTY ROAD 528, VERBENA, ALABAMA 36091 | § § § § § § § | 2:21-cm-03636-MHT |

_____

**OBJECTION TO AND REQUEST FOR HEARING ON
GOVERNMENT'S SEPTEMBER 13, 2021 MOTION TO
FURTHER EXTEND RESTRAINING ORDER**
_____

COMES NOW Billy Easterling and Tyler Easterling, through their undersigned attorney of record, and state as follows:

1. On June 11, 2021 this Court entered an ex parte temporary restraining order in this matter.

2. After a hearing on June 25, 2021, the Court, at the request of the Government, extended the restraining order until August 13, 2021.

3. On August 11, 2021, the Court granted the Government's second request to extend the restraining order for an additional 31 days; until September 13, 2021. The basis of the August 11, 2021 request for an extension was the Government's purported

need for additional time to review and analyze evidence seized by the Government when it executed a search warrant on the claimants' properties.

4. Now, on the eve of the expiration of the restraining order, the Government has once again requesting an extension of the restraining order, and again citing the need for additional time to review and analyze evidence seized by the Government over 90 days ago.

5. The basis of the Government's request does not constitute good cause for a further extension. The Government has not cited any different or further grounds than those already cited in its August 11, 2021 request for 31 days. The Government has not provided the Court with any explanation as to why the review of evidence is incomplete or why additional time is required. The Claimants object to the Government's request for any further extension of the restraining order.

6. Additionally, the Claimants object to the Government's request because the restraining order, by its own terms, expired at the end of the day, September 13, 2021. No extension of the restraining order was granted within the time of the restraining order.

7. The temporary restraining order provision of 18 U.S.C. § 983(j) is meant to be a temporary measure, limited to certain time periods by either the statute itself, or by the Court's own order. In order for the term of the temporary restraining order to be extended, the extension must necessarily be granted prior to the expiration of the order. Such is the case under like circumstances under Rule 65 of the Federal Rules of Civil Procedure. See River N. Farms Inc. v. GNUS Frac, LLC, No. 4:16-CV-00131-DMB-

SAA, 2016 U.S. Dist. LEXIS 83718, at 4-5 (N.D. Miss. June 27, 2016) (a request for an extension of temporary restraining order filed on same day the TRO expired is due to be denied because the request did not stay the expiration); <u>SEC v. Unifund Sal</u>, 910 F.2d 1028, 1034-35 (2d Cir. 1990) (under Rule 65, extension must be granted within the time of the original order). Similarly, the Government's present request comes too late, and is due to be denied because the restraining order has already expired by its own terms.

8.  The Claimants request that the Court set the Government's request and this objection for a hearing.

WHEREFORE PREMISE CONSIDERED, Billy Easterling and Tyler Easterling request that this Honorable Court set this matter down for a hearing and deny the Government's request.

Respectfully Submitted,

*/s/ William K. Bradford*
William K. Bradford (asb-6434-d64w)
Attorney for Billy Easterling and Tyler Easterling
wkb@bradfordladner.com

**OF COUNSEL:**
BRADFORD LADNER, LLP.

*Clanton Alabama Office*
207 6th Street North, Suite 4
Clanton, AL 35046
205-802-8823

*Mobile Alabama Office*
160 St. Emanuel Street
Mobile, AL 36602
251-303-8800

# CERTIFICATE OF SERVICE

      I hereby certify that I have served a true and correct copy of the foregoing upon the persons listed below electronically via CM/ECF or via U.S. Mail, postage prepaid and properly addressed, if so indicated, on ***September 14, 2021.***

Sandra J. Stewart, Esq.
Acting United States Attorney
Middle District of Alabama
131 Clayton Street
Montgomery, AL 36104

Todd Kim, Esq.
Assistant Attorney General
Environment & Natural Resources Div.
Leigh P. Rendé, Esq.
Assistant Attorney General
Environmental Crimes Section
Environment & Natural Resources Division
U.S. Department of Justice
4 Constitution Square
150 M Street, NE
Washington, D.C. 20002

                                           ***/s/ William K. Bradford***
                                           OF COUNSEL